**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 14 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN CARLOS ORELLANA BELTRAN, Petitioner, v. TODD BLANCHE, Attorney General, Respondent. | No. 25-6202 Agency No. A094-922-123 MEMORANDUM* |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted August 10, 2026**
San Francisco, California

Before: LEE, MENDOZA, JR., and DE ALBA, Circuit Judges

Juan Carlos Orellana Beltran, a native and citizen of El Salvador, challenges

an Immigration Judge's (IJ) concurrence in the Department of Homeland Security's

negative reasonable fear assessment in his application for protection under the

Convention Against Torture (CAT). Orellana Beltran was previously removed from

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the United States as unlawfully present in 2006 and then later reentered unlawfully. He is again subject to removal under the 2006 reinstated order.

Our jurisdiction in immigration cases is based on 8 U.S.C. § 1252(a)(1), which "allows an individual to petition for judicial review of a final order of removal in the appropriate court of appeals." *Monsalvo v. Bondi*, 604 U.S. 712, 720 (2025) (cleaned up). Accordingly, if a petitioner does not challenge a final order of removal, our court lacks jurisdiction. *Navarrete v. Bondi*, 170 F.4th 1214, 1217, 1221–22 (9th Cir. 2026).

A post-reinstatement reasonable fear determination—like the one Orellana Beltran challenges—is not a reviewable order of removal "nor does it merge into a final order of removal." *Id.* at 1225. Here, just as in *Navarrete*, the petitioner does not assert a colorable claim with respect to either his original 2006 removal order or the reinstatement decision. *Id.* We thus lack jurisdiction and must dismiss his petition. *Id.*

Even if we had jurisdiction, the merits do not require that we grant the petition. We review an IJ's negative reasonable fear determination for substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018). We review legal and constitutional challenges to reasonable fear review proceedings de novo. *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021). Here, Orellana Beltran challenges only the IJ's refusal to consider additional evidence.

The IJ did not err in declining to consider new evidence.

IJs in their "discretion, . . . may consider evidence that a petitioner did not present to the asylum officer," but "[d]ue process does not mandate the right to present new evidence." *Dominguez Ojeda v. Garland*, 112 F.4th 1241, 1244–45 (9th Cir. 2024). In other words, an IJ need not to allow the litigant the opportunity to present new information, "[s]o long as the IJ exercises discretion." *Id.* at 1245. That is what occurred here. The IJ understood that he could consider new evidence but expressly said that he was exercising his discretion not to do so. That was sufficient, and the IJ conducted the required "de novo review of the record prepared by the asylum officer." *Orozco-Lopez*, 11 F.4th at 771.

**PETITION DISMISSED.**